Paul **RODRIGUEZ** et ux., Appellants,

v.

**GLOBE DISCOUNT CITY, INC.,** Appellee.

No. 16152.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 26, 1973.

Les Fleming, Houston, for appellants.

Fulbright, Crooker & Jaworski, John F. Nichols, Sim Lake, Houston, for appellee.

PEDEN, Justice.

Appeal from the granting of a motion for summary judgment in favor of defendants. The motion was based on the alleged failure of the plaintiffs to name and prosecute this suit against the correct defendant.

Plaintiffs' original petition, filed on August 16, 1968, complained only of Globe Discount City, Inc., concerning events alleged to have occurred on August 17, 1967 at its store at 5320 North Shepherd St. in Houston. This petition has not been amended.

On September 11, 1968, a verified pleading was filed in this cause under the cap-

**284**

tion "Paul Rodriguez and Trissy M. Rodriguez vs. Globe Discount City, Inc.", stating:

"Comes now United Mercantile No. 2, Incorporated, and files this its plea in abatement to plaintiffs' petition filed herein, and for such plea would show unto the Court:

I.

"That the true and correct name of the defendant, who owns and operates the premises known as 5320 North Shepherd Street, Houston, Texas, is United Mercantile No. 2, Incorporated; that Globe Discount City, Inc., sued as the defendant herein, is not and was not the owner or operator of the place of business known as 5320 North Shepherd Street, Houston, Texas, but is merely a trade name under which your defendant operates.

"WHEREFORE, premises considered, your defendant prays that plaintiffs' suit be in all things abated."

It was signed and verified by "Attorney for Defendant." There followed this statement:

"And, not waiving the above and foregoing plea, but still insisting thereon, comes now United Mercantile No. 2, Incorporated, and for answer, says:"

I.

(A general denial was then pleaded.)

In October, 1972 defendant Globe Discount City, Inc. filed a motion for summary judgment. It alleges 1) that the defendant is entitled to a judgment as a matter of law, 2) that shortly after suit was filed defendant had filed its plea in abatement informing plaintiffs of its correct legal name; it does business at 5320 North Shepherd Street under the trade name of Globe Discount City while the correct corporate entity is United Mercantile, Inc. # 2, 3) that attached as Exhibit A is a certified copy of a document filed by United Mercantile, Inc. # 2 with the Harris County Clerk's office to do business under the trade name of Globe Discount City and 4) that attached as Exhibit B is an affidavit showing that Globe Discount City, Inc. is a separate and distinct corporation which does not own or operate the establishment at 5320 North Shepherd Street in Houston.

Exhibit A attached to the motion is a certified copy of an affidavit filed in the assumed name records of the office of the County Clerk of Harris County. It bears the date of December 31, 1962, and states that United Mercantile, Inc. No. 2 is the owner and conducts, or will conduct, business in the name of Globe Discount City at 5320 North Shepherd, Houston, Texas.

Exhibit B is an affidavit executed by Julian A. Oettinger. It contains the allegations as recited in the motion for summary judgment, but they are all in the present tense, so they only describe ownership and operation of 5320 North Shepherd in September, 1972, when the affidavit was executed.

We dismiss the appeal in this cause for want of jurisdiction because the judgment entered did not dispose of one of the parties, United Mercantile No. 2, Inc. As we have noticed, that company filed a general denial after reciting that it was not waiving its plea in abatement (in which plea it stated that it was the owner and operator of 5320 North Shepherd). Such pleadings constituted entry of an appearance, and this appearance did not amount to a special appearance under Rule 120a, Texas Rules of Civil Procedure, because it was not filed "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State.

". . . . Every appearance, prior to judgment, not in compliance with this rule is a general appearance."

Rule 121, T.R.C.P., provides: "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Under Rule 60, United Mercantile No. 2, Inc. is an intervenor.

Having intervened and entered its appearance as a party defendant, United Mercantile No. 2, Inc. was, according to the record before us, apparently still a party to this suit when the trial court granted the motion for summary judgment filed by Globe Discount City, Inc. Since the judgment did not dispose of United Mercantile No. 2, Inc., it is an interlocutory judgment, not a final one.

"It is settled that a judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court." Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex.Civ.App., 1965 writ ref.).

Our jurisdiction has not been challenged by point of error in this case, but fundamental error is apparent on the face of the record. An interlocutory judgment, except where it is otherwise specially provided by law, is not appealable. Warren v. Walter, 409 S.W.2d 887 (Tex.Civ.App., 1966, writ ref. n.r.e., 414 S.W.2d 423, Tex.1967).

Mr. and Mrs. Rodriguez have no right of appeal until a judgment is entered that disposes of all parties and issues in this suit. This appeal is dismissed.

We note in passing that in view of our Supreme Court's ruling in Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (1971), that pleadings do not constitute summary judgment evidence, the evidence properly before the trial court does not support the judgment. We consider this point to have been inadequately preserved on appeal, however.

Appeal dismissed.