Roberto SERNA; R. Edward Pfiester, Jr.;
and Victor A. Russo, Appellants,

v.

Raymond WEBSTER; Michael
D. Cucullu; and Cynthia L.
Muniz–Berain, Appellees.

No. 04–94–00834–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 23, 1995.

Rehearing Overruled Oct. 27, 1995.

488

Alberto M. Ramon, Law Office of Alberto M. Ramon, Eagle Pass, for Appellants.

Richard O. Gonzales, Uvalde, for Appellees.

Before CHAPA, C.J., and RICKHOFF and LOPEZ, J.J.

CHAPA, Chief Justice.

Appellants bring this appeal by writ of error from the trial court's division of attorney fees in a personal injury case. The dispositive issues to be determined are (1) whether the trial court's plenary jurisdiction had expired at the time it entered the order determining attorney fees and (2) whether we have jurisdiction over this appeal. We conclude that the order was entered while the trial court had plenary jurisdiction, and that we do not have jurisdiction over this appeal.

**Procedural Background**

Appellant R. Edward Pfiester, Jr., a Law Corporation, of Los Angeles, California, was the attorney of record for appellee Webster in his personal injury action against Southern Pacific Transportation Company. Appellant Victor A. Russo was Pfiester's employee, and appellant Roberto Serna, of Crystal City, Texas, was local counsel. Appellants and Webster had signed a contingency contract for professional services. Webster discharged appellants as his attorneys and retained appellees Michael D. Cucullu and Cynthia L. Muniz–Berain. Appellees went to trial against Southern Pacific and won a judgment of $148,934.55, which was signed on August 15, 1994. Appellants did not participate in the trial on the merits, nor were they served with process in the cause.

On February 14, 1994, appellants filed in the trial court, under the case number and style of Webster's action against Southern Pacific, a document entitled "Notice of Lawyer's Lien of R. Edward Pfiester, Jr., a Law Corporation." The document stated:

PLEASE TAKE NOTICE that R. EDWARD PFIESTER, JR., A LAW CORPORATION, hereby asserts the lien which it has to any proceeds which may in the future be received by Plaintiff herein.

Said lien is for the reasonable value of the attorney's services rendered up to the time of discharge and for any costs advanced (together with interest accrued thereon).

The certificate of service shows that the document was served upon the attorneys for Southern Pacific and the appellees. Thereafter appellants and appellees were unable to come to an agreement on the amount of fees and expenses owing to appellants for their prior participation in the litigation. On August 12, 1994, prior to the signing of the final judgment, appellees filed a "Motion to Determine Attorney Fees" in the trial court under the case number and style of Webster's action against Southern Pacific. The trial court signed a fiat on August 12, setting a hearing on the Motion to Determine Attorney Fees for August 17. The certificate of service showed the motion was sent to "all counsel of record"; appellants were not counsel of record. However, the fiat and motion were served by facsimile and mail on appellants on August 12. Appellants filed a motion for continuance on August 16. The hearing on both the continuance and appellees' Motion to Determine Attorney Fees was held on August 17. Appellant Serna appeared at the hearing, representing Pfiester and Russo. The trial court first heard appellants' motion for continuance and denied it. The court then proceeded to hear the motion regarding attorney fees. Although appellant Serna announced "not ready" on the motion, and objected to the proceedings at various times and challenged the court's jurisdiction to determine the issue, he nonetheless remained throughout the hearing. At the conclusion of the hearing, the judge announced his decision, giving a detailed apportionment of the attorney fees between appellants and appellees Cucullu and Muniz–Berain.

On September 20, 1994, the trial court entered its order memorializing the allocation of attorney fees between appellants and appellees. The order recites that Serna appeared on behalf of "Respondent."[1] On

1. Although appellants contend that the trial court erred in asserting jurisdiction over them when

November 1, 1994, appellants filed their petition for writ of error, alleging that because the appellants had not been brought under the trial court's jurisdiction by interpleader, the controversy was not before the trial court, and the trial court's order was, therefore, "a nullity." In response to appellants' petition for writ of error, appellees filed in this court a motion to dismiss the appellants' petition and a request for sanctions, alleging that the writ of error was filed solely for the purposes of delay.[2] We held the appellees' motion in abeyance pending submission, and ordered both parties to brief the dismissal issue in their respective briefs.[3]

### Trial Court's Plenary Jurisdiction

During oral argument appellants raised the issue of whether the trial court's plenary jurisdiction had expired at the time the court entered its order on September 20, which was more than thirty days after the final judgment had been signed on August 15.

 Although the trial court's order was signed on September 20, he rendered his opinion at the hearing on August 17. In *Comet Aluminum Co. v. Dibrell*, the Texas Supreme Court defined "rendition" by stating:

> In *Coleman v. Zapp.* 105 Tex. 491, 151 S.W. 1040, at 1041 (1912), we stated that a judgment's "rendition is the judicial act by which the court settles and declares the decision of the law upon *the matters at issue.*" And in *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, at 292 (1953), we quoted Freeman on Judgments as stating that a judgment is " 'rendered' when the decision is officially announced either orally in open court *or by memorandum filed with the clerk.*" We then quoted with approval from *Appeal of Bulkeley,* 76

Conn. 454, 57 A. 112, 113 [ (1904) ], as follows:

> "A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause."

*Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58–59 (Tex.1970) (footnotes omitted). On the other hand, "[t]he signing of a formal order or judgment is essential to trigger the appropriate appellate timetable under [Texas Rule of Civil Procedure] 306a, but is otherwise merely a ministerial, mechanical act." *Schaeffer Homes, Inc. v. Esterak,* 792 S.W.2d 567, 569 (Tex.App.—El Paso 1990, no writ); *see* TEX.R.CIV.P. 306a(1) (date of signing judgment or order begins appellate timetable, but "shall not determine what constitutes rendition of a judgment or order for any other purpose"). We conclude that the rendition of the division of attorney fees occurred on August 17, well within the trial court's plenary jurisdiction, and that the signing of the order on September 20 was purely a ministerial act. Because we find that the trial court's decision was rendered within its plenary jurisdiction, we next address whether the appeal of the order is properly before us.

### Elements of Writ of Error

 The requirements for bringing an appeal by writ of error are: (1) the appeal must be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error must be apparent from the face of the record. *General Elec. Co. v. Falcon Ridge Apts., Joint Venture,* 811

---

they had not been served with citation by interpleader, they waived service by making a general appearance before the court. TEX.R.CIV.P. 120; *Dodson v. Seymour,* 664 S.W.2d 158, 161–62 (Tex.App.—San Antonio 1983, no writ). Where a judgment recites that a particular party appeared, the recital is presumed true. *Id.* at 162. There has been no rebuttal to the presumption.

2. Appellees also filed a motion to dismiss appellants' petition for writ of error for want of prose-

cution. Appellants failed to file their brief timely. Appellants reasonably explained their failure to file timely and appellees have not shown material injury by the late-filed brief. TEX.R.APP.P. 74(*l* )(1). We decline to dismiss for want of prosecution.

3. Although so ordered by this court, appellants failed to brief the issue of dismissal.

S.W.2d 942, 943 (Tex.1991); *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982). Each of these elements is mandatory and jurisdictional. *Robertson v. Hide–A–Way Lake Club, Inc.,* 856 S.W.2d 841, 843 (Tex.App.—Tyler 1993, no writ).

### Analysis

 It is clear from the record that appellants meet the first requirement, having timely filed their petition. The next issue to be determined is whether appellants are parties to the suit. Generally, an appeal by writ of error is available only to parties of record. *Mobil Exploration & Producing U.S., Inc. v. McDonald,* 810 S.W.2d 887, 889 (Tex.App.—Beaumont 1991, writ denied). As pointed out by appellants, an exception allows nonparties to bring a writ of error, provided the nonparty is " 'one whose privity of estate, title or interest appears from the record of the cause in the court below.' " *Johnson v. Johnson,* 841 S.W.2d 114, 115 (Tex.App.—Houston [14th Dist.] 1992, no writ) (quoting *Mobil Exploration,* 810 S.W.2d at 889). Appellants contend that they are nonparties to the suit, and thus the judgment entered by the trial court is completely without effect. Appellants assert that the appellees should have properly interplead them and, lacking such interpleader, they were not properly before the court at the time of the hearing. "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Tex.R.Civ.P. 43. A petitioner in interpleader must prove: (1) that he is subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; (2) that he has not unreasonably delayed in filing the interpleader action; and (3) that he has unconditionally tendered the funds into the court. *Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 385 (Tex.App.—San Antonio 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2944, 124 L.Ed.2d 692 (1993). We must determine whether the in-

strument entitled "Motion to Determine Attorney Fees" was in fact an interpleader. It is clear in the instant case that both appellants and appellees claimed a portion of the amount of attorney fees set aside by the court.[4] Appellees did not unreasonably delay in filing their Motion to Determine Attorney Fees, having filed it before the final judgment was signed. *See Savings & Profit Sharing Fund of Sears Employees v. Stubbs,* 734 S.W.2d 76, 79 (Tex.App.—Austin 1987, no writ) (three years' delay unreasonable). As to the third prong of an interpleader action, the appellees did not tender the disputed funds into the court, because defendant Southern Pacific Transportation did not pay the settlement amount until early September. Therefore, appellees' motion, if it was an attempt to interplead, was imperfect.

 On the other hand, if appellants intervened in the suit, they were parties properly before the court. *See* Tex.R.Civ.P. 61. A plea in intervention in the principal suit is an appropriate vehicle by which a discharged attorney may recover fees for services rendered. *See Schwartz v. Taheny,* 846 S.W.2d 621, 622 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Russell v. Dunn Equip. Inc.,* 712 S.W.2d 542, 547–50 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

 In February 1994, appellants filed a "Notice of Lawyer's Lien" with the court under the style and number of the *Webster v. Southern Pacific Transportation Company* case and served copies on appellees and the defendant company's attorneys. In the document, appellants clearly assert a right to any future proceeds received by Webster "for the reasonable value of attorney's services rendered up to the time of discharge and for any costs advanced (together with interest accrued thereon.)" To determine the nature of a pleading, the court will look to its substance, not the form or title given to it. *Central Park Bank v. LeBlanc,* 659 S.W.2d 872, 875 (Tex.App.—San Antonio 1983, no writ); *see Hodge v. Smith,* 856 S.W.2d 212, 214 n. 1 (Tex.App.—Houston

---

4. At the hearing on the Motion to Determine Attorney's Fees, both sides agreed that $97,661.45 of the settlement constituted Webster's recovery and that attorney fees constituted the remaining $46,956.82 of the settlement.

[1st Dist.] 1993, writ denied). The sufficiency of a petition in intervention is tested " 'by its allegations of fact on which the right to intervene depends.'" *H. Tebbs, Inc. v. Silver Eagle Distribs., Inc.,* 797 S.W.2d 80, 84 (Tex.App.—Austin 1990, no writ) (quoting *Mulcahy v. Houston Steel Drum Co.,* 402 S.W.2d 817 (Tex.Civ.App.—Austin 1966, no writ)). To intervene, a party must file a written pleading. *See Diaz v. Attorney General of Texas,* 827 S.W.2d 19, 21–22 (Tex. App.—Corpus Christi 1992, no writ) (attorney general who appeared and intervened in suit without first filing written pleading in district court was not a proper intervenor); *see also* Tex.R.Civ.P. 61 (rules of pleading apply to intervenor). Moreover, an intervention must be timely filed; in any case, before the judgment. *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984). Appellants' notice meets this requirement as well. We conclude that the written notice of lien filed in the case gave adequate notice of the appellants' claim to attorney's fees incurred in the prosecution of the Webster personal injury suit, and that the notice was in fact an intervention in the underlying suit. Appellants were therefore proper parties in the suit. *See Rodriguez v. Globe Discount City, Inc.,* 498 S.W.2d 283, 284–85 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ) (store which filed plea in abatement and then pleaded general denial was an intervenor, and having intervened and appeared was a party). In addition, although appellants argue that they were not properly before the court because they had never been served with citation, their general appearance before the court at the August 17 hearing waived service. Tex.R.Civ.P. 124; *Bates v. Smith,* 155 Tex. 443, 289 S.W.2d 215, 216 (1956); *Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex.App.—San Antonio 1983, no writ); *see Wichita County v. Robinson,* 155 Tex. 1, 276 S.W.2d 509, 512 (1954) (party who examines witnesses or offers testimony makes a general appearance); *Rodriguez,* 498 S.W.2d at 285 (party having made a general appearance, service of citation was unnecessary).

■ Nevertheless, appellants insist that their appearance was "involuntary."

To determine whether a party has made a voluntary appearance, the nature and quality of the party's activities must be examined. The general rule, stated many years ago in *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918), is that a general appearance occurs when the party "invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction." . . . [T]he emphasis "is on affirmative action which impliedly recognizes the court's jurisdiction over the parties, since the mere presence of a party or his attorney in the courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance." Thus, a party who examines witnesses or offers testimony has made a general appearance.

*Smith v. Amarillo Hosp. Dist.,* 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ) (citations omitted). We hold that appellants, having intervened and appeared, were parties before the court for all purposes.

■ The third element of the writ of error, whether appellants participated in the actual trial to an extent that they are barred from appeal by writ of error, is the dispositive issue in this case. "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error." Tex.R.App.P. 45(b). "Actual trial" is defined "as ordinarily understood to be the hearing in open court, leading up to the rendition of judgment, on the questions of law and fact." *Stubbs v. Stubbs,* 685 S.W.2d 643, 644–45 (Tex.1985); *see also Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). Moreover, "it is well settled in Texas that participation in the decision-making event producing the final judgment adjudicating a party's rights will cut off that party's ability to proceed by writ of error. The party's participation need not be at the actual trial on the merits." *Girdley v. Southwestern Bell Yellow Pages, Inc.,* 869 S.W.2d 409, 411 (Tex.App.—El Paso 1993, writ denied) (citations omitted); *see In re Estate of*

*Hillje,* 830 S.W.2d 689, 691 (Tex.App.—San Antonio 1992, no writ) (participation in dispositive hearing such as a hearing on a motion to dismiss is within purview of Rule 45); *Flores v. H.E. Butt Grocery Co.,* 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ) (participation is taking part in a decision-making event producing a final judgment that adjudicates the party's rights).

When determining whether a party is precluded from bringing an appeal by writ of error due to participation in the actual trial, a court must bear in mind the purpose for that limitation.

The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a shorter period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record.

*Lawyers Lloyds of Texas v. Webb,* 152 S.W.2d at 1097–98 (citations omitted); *see Estate of Hillje,* 830 S.W.2d at 691 (Rule 45 is intended to deny review by writ of error to a party who participates in a hearing that leads to a final judgment against him).

■ As this court has previously noted, "the supreme court's definition of partic-

ipation 'in the actual trial of the case,' despite its apparent clarity, has not furnished a definitive guide." *Mata v. Ruiz,* 640 S.W.2d 415, 417 (Tex.App.—San Antonio 1982, no writ). The extent of participation required is a matter of degree. *Stubbs v. Stubbs,* 685 S.W.2d at 645; *Robertson v. Hide–A–Way Lake Club, Inc.,* 856 S.W.2d at 844; *In re Estate of Wallock,* 846 S.W.2d 536, 540 (Tex. App.—Corpus Christi 1993, no writ). In *Texaco, Inc. v. Central Power & Light Co.,* 897 S.W.2d 854 (Tex.App.—San Antonio 1995, writ req'd), this court held that the appellant's announcement of "ready" at the beginning of the trial was participation where the appellant chose to remain away from the trial other than to make an agreement with the injured plaintiff. *Id.* at 862–63. Despite their announcement of not ready, there is far greater participation on the part of appellants in the record before us.

■ Turning now to the record, we first note that the trial court's order allocating the attorney fees recites that "Roberto Serna appeared in behalf of Respondent [Edward R. Pfiester, Jr.]." The record contains a statement of facts from the hearing on the Motion to Determine Attorney Fees. Appellant Serna appeared before the court to argue for a continuance. When the continuance was denied, Serna announced "not ready" for the hearing, and objected that the court did not have jurisdiction over the matter. He repeated his objections several times throughout the proceeding. Nonetheless, he then proceeded to actively take part in the hearing: (1) he conducted vigorous and lengthy cross-examinations of appellees Webster and Cucullu; (2) he introduced twelve exhibits; and (3) he requested that the court reporter "transcribe the proceedings as soon as possible." Moreover, after the court had orally announced its decision regarding apportionment of the attorney fees, Serna stated: "Clearly, in all likelihood, we're going to respectfully appeal the decision of this court and for these reasons—this is going to happen. I mean, there is going to be litigation. There is also going to be an appeal of this order, and we sincerely do not want the plaintiff to be adversely affected by the litigation that is going to continue in this

case as to the attorney fees and expenses." Later, he stated, "Your honor, for purposes of clarification, I am not giving notice of appeal at this point in time because I do not know whether we're going to appeal this order."

In his cross-examination of Webster, Serna thoroughly covered their initial agreement for legal representation, discussed a disputed $75,000 settlement offer that Serna alleged he received from Southern Pacific and transmitted to Webster, and reviewed disputed charges on an itemized list of expenses incurred by appellants while prosecuting Webster's suit. Moreover, during his examination of Webster, Serna introduced into evidence a Declaration by appellant Russo in which he presented "an overview of the work [Russo] performed on the *Raymond Webster v. Southern Pacific Transportation Company* case, submitted for the purpose of the hearing on division of attorney's fees."

In his cross-examination of appellee Cucullu, Serna reviewed the history of appellant-attorneys' and appellee-attorneys' representation of Mr. Webster and reviewed various correspondence between the attorneys, including appellants' advising that they were asserting a lien for the reasonable value of their services. He questioned Cucullu about the $75,000 settlement offer, and also elicited a statement from Cucullu that neither Webster nor Cucullu had written a letter indicating that appellants had been terminated for good cause.

From our review of the record, we conclude that appellants' participation in the hearing on the motion to determine attorney fees was substantial, that the issues relating to the extent of appellants' legal representation of Webster was adequately explored, and that the hearing was "the decision-making event producing the final judgment adjudicating [appellants'] rights." *Girdley,* 869 S.W.2d at 411. Moreover, we are mindful of the purposes for the writ of error, as expressed in *Lawyers Lloyds of Texas v. Webb,* 152 S.W.2d at 1097–98. It is apparent from the record that appellant Serna was well aware of the right to appeal the order and, indeed, announced to the court that such an appeal was likely forthcoming. He even re-quested a transcription of the hearing from the court reporter during the hearing. There can be no doubt that appellants were in a position to "reasonably use the more speedy method of appeal" and "prepare for appeal on short notice." *Id.*

We hold that appellants participated in the actual trial of the case below within the meaning of "actual trial" under Rule 45, *Girdley,* 869 S.W.2d at 411, and are thus precluded from bringing this appeal by writ of error.

Appellees also filed a motion for sanctions pursuant to Rule 84 of the rules of appellate procedure. Tex.R.App.P. 84 ("Damages for Delay in Civil Cases"). To determine whether delay damages are appropriate, we must review the record from the advocate's point of view at the time the appeal is taken to determine whether reasonable grounds existed, and should impose damages only if the likelihood of a favorable result is so improbable as to make the appeal one taken solely for delay and without sufficient cause. *Tindle v. Jackson Nat'l Life Ins. Co.,* 837 S.W.2d 795, 801 (Tex.App.—Dallas 1992, no writ.) Because we consider that appellants presented an arguable basis for bringing a writ of error rather than a direct appeal as alleged nonparties to the suit, we overrule the motion for sanctions.

Appellees' motion to dismiss this appeal for lack of jurisdiction is granted.