ACCEPTED
05-18-01127-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/31/2019 3:50 AM
LISA MATZ
CLERK

Lisa Matz, Clerk

5th Court of Appeals
FILED: 01/31/2019

## 05-18-01127-CV

### IN THE FIFTH DISTRICT COURT OF APPEALS
### AT DALLAS, TEXAS

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/31/2019 3:50:34 AM
LISA MATZ
Clerk

### IN THE INTEREST OF R.M., A CHILD

### JILL KUTKA,
### APPELLANT

### TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
### APPELLEE

### SHAWN INGRAM AND JENNIFER INGRAM,
### APPELLEES

Appeal from Order Granting Intervenor's Petition in
Intervention in Suit and Plea to the Jurisdiction

Arising out of the 417TH Judicial District Court of Collin County, Texas
Cause No. 417-02593-2018
Honorable Cynthia Wheless Presiding

## APPELLANT'S BRIEF

Submitted by,

**CASEY T. BOYD**
State Bar No. 24059477
205 W. Louisiana Street, Suite 103
McKinney, Texas 75069
Tel: (469) 777-6129
Email: **boydlitigation@gmail.com**

**COUNSEL FOR APPELLANT**
**ORAL ARGUMENT REQUESTED**

1

**IDENTITIES OF PARTIES AND COUNSEL**

**Petitioner / Appellant:**
Jill Kutka

**Petitioner/Appellant's Counsel in Trial Court:**
Mr. Casey T. Boyd
State Bar No. 24059477
205 W. Louisiana Street, Suite 103
McKinney, Texas 75069
Tel: (469) 777-6129
Email: **boydlitigation@gmail.com**

**Respondent/Appellee:**
Collin County Unit of the Texas Department of Family and Protective Services

**Respondent/Appellee's Trial Counsel:**
Ms. Alyson Dietrich
State Bar No. 24012529
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 200
McKinney, Texas 75071
Tel: (972) 548-4336
Fax: (972) 548-4767
Email: **adietrich@co.collin.tx.us**

**Respondent/Appellee's Appellate Counsel:**
Mr. John Rolater
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071
Tel: (972) 548-4323
Fax: (214) 491-4860
Email: **jrolater@co.collin.tx.us**

**Intervenors/Appellees:**
Shawn Ingram and Jennifer Ingram

**Intervenors/Appellees' Trial Counsel:**
Ms. Rebecca Rowan
State Bar No. 24060729
KOONSFULLER, P.C.
1717 McKinney Avenue, Suite 1500
Dallas, Texas 75202
Tel: (214) 871-2727
Fax: (214) 871-0196
Email: **rrowan@.koonsfuller.com**

**R.M. is the minor child subject of this suit.**

**Attorney Ad Litem in Trial Court for R.M., the Child:**
Ms. Terri Daniel
State Bar No. 00796433
6675 Mediterranean Dr., Suite 407
McKinney, Teas 75072
Tel: (469) 519-2739
Fax: (877) 291-1215
Email: **terri@terridaniellaw.com**

# TABLE OF CONTENTS

Index of Authorities………………………………………………….………..5

Record References………………………………………………….………...6

Statement of the Case…………………………………………………7

Statement on Oral Argument…………………………………………….……....8

Issues Presented…………………………………………………………....8

Statement of Facts………………………………….…………………....……..8

Standard of Review……………………………………………………………12

Arguments and Authorities…………………………………………………..13

A.   Section 161.211(a) of the Texas Family Code is Unconstitutional
     as Applied to Appellant……………………………………………...13

B.   Intervenors' Petition in Intervention Should Have Been Denied………...….20

Conclusion…………………………………………………………………...21

Prayer……………………………………………………………………...22

Certificate of Service…………………………………………………...23

Appellant's Appendix…………………………………………………..24

# INDEX OF AUTHORITIES

**Caselaw**

Abdullatif v. Erpile, LLC, 460 S.W.3d 685
(Tex.App.-Houston [14th Dist.] 2015, no pet.)………………………………….....20

Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547 (Tex.2000)………………………...12

City of Dallas v. Carbajal, 324 S.W.3d 537 (Tex.2010)……………………………..12

F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d 680 (Tex.2007)…………….13

Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co., 793 S.W.2d 652 (Tex. 1990)…...20

H. Tebbs, Inc. v. Silver Eagle Distribs., 797 S.W.2d 80
(Tex.App.-Austin 1990, no writ)…………………………………………………...20

In re C.M.D., 287 S.W.3d 510 (Tex.App.-Houston [14th Dist.] 2009, no pet.)……..14

In re C.P.J., 129 S.W.3d 573 (Tex.App.-Dallas 2003, pet. denied)…………….……13

In re C.T.C., 365 S.W. 3d 853 (Tex.App.-Dallas 2012)…………………………18, 19

In re D.J.R., 319 S.W.3d 759 (Tex.App.-El Paso 2010, pet. denied)…….13, 14, 18, 19

In re D.K.M., 242 S.W.3d 863, 865 n. 1, (Tex.App.-Austin 2007, no pet.)………….12

In re E.R., 335 S.W.3d 816 (Tex.App.-Dallas 2011, pet. granted)……………....15, 16

In re E.R., 385 S.W. 3d 552 (Tex. 2012)……………………………………..14, 15, 19

In re M.N., 262 S.W.3d 799 (Tex. 2008)…………………………………………….15

In re Union Carbide, 273 S.W.3d 152 (Tex. 2008)………………………………….20

In the Interest of B.G., 317 S.W.3d 250, 258 (Tex.2010)………………………….....15

In the Interest of J.O.A., 283 S.W.3d 336 (Tex.2009)…………………………….....15

Peek v. Equipment Serv. Co. of San Antonio, 779 S.W.2d 802 (Tex. 1989)……..…13

Santosky v. Kramer, 455 U.S. 745 (1982)…………………………………………14

Serna v. Webster, 908 S.W.2d 487 (Tex.App.-San Antonio 1995, no writ)………...20

Stanley v. Illinois, 405 U.S. 645, 646, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)…..……15

Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440 (Tex.1993)………...13

Texas Dep't of Corrections v. Herring, 513 S.W.2d 6 (Tex.1974)……………….....13

Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217 (Tex.2004)…………...12

Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636 (Tex.1999)……………………….....12

Texas Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864 (Tex.2001)…...12

Walker v. Tex. Dep't of Family & Protective Servs.,
312 S.W.3d 608 (Tex.App.-Houston [1st Dist.] 2009, pet. denied)……………...14, 19

**Rules and Statutory Authority**

Tex.Fam.Code Section 161.001(1)(K)……………………………………………7, 9, 11

Tex.Fam.Code Section 161.211(a)…………………8, 13, 14, 15, 16, 17, 18, 19, 21

Tex.Fam.Code Section 263.405………………………………………………….…14

TRAP 20.1……………………………………………………………………...12

TRAP 39.1………………………………………………………………………….8

## RECORD REFERENCES

The Record references listed below are used throughout Appellant's Brief:

CR at __    Clerk's Record

RR __:__    Reporter's Record

## STATEMENT OF THE CASE

On May 29, 2018, Appellant filed her Original Petition for Bill of Review on seeking to review an order terminating her parental rights which was signed by the Court on October 7, 2016 in Cause Number 417-30048-2014 and styled "In the Interest of R.M., A Child". The order terminating Appellant's parental rights was predicated on a finding by the Court that Appellant executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 161.001(1)(K) of the Texas Family Code. CR at 7.

On August 24, 2018, Intervenors filed a Petition in Intervention in Suit and Plea to the Jurisdiction. CR at 62.

On September 6, 2018, Intervenors filed their Original Answer to Original Petition for Bill of Review. CR at 68.

On September 10, 2018, Intervenors filed a Brief in Support of Plea to the Jurisdiction. CR at 75.

Appellant's Original Petition for Bill of Review and Intervenors' Petition in Intervention and Plea to the Jurisdiction were set for a hearing on September 10, 2018. The trial court heard Intervenors' Petition in Intervention and Plea to the Jurisdiction, after which the trial court signed an Order granting Intervenors' Petition in Intervention and Plea to the Jurisdiction, and dismissing Appellant's Petition for Bill of Review with prejudice. RR 14:17-18; 33:8-11; CR at 87.

This is an appeal from the Order Granting Intervenors' Petition in Intervention in Suit for Bill of Review, and Intervenors' Plea to the Jurisdiction, which was signed by the trial court on September 10, 2018.

## STATEMENT ON ORAL ARGUMENT

Pursuant to Rule 39.1 of the Texas Rules of Appellate Procedure, Appellant requests oral argument and believes that the decisional process would be significantly aided by oral argument.

## ISSUES PRESENTED

C. **Section 161.211(a) of the Texas Family Code is Unconstitutional as Applied to Appellant.**

D. **Intervenors' Petition in Intervention Should Have Been Denied.**

## STATEMENT OF FACTS

On August 27, 2015, in the underlying proceeding to terminate Appellant's parental rights, the parties entered into a Mediated Settlement Agreement wherein the parties entered into a series of agreements which resulted in Appellant relinquishing her parental rights, and which allowed Appellant to have specific periods of supervised access to the child "after entry of the final order." CR at 76.

Intervenors were not parties to the underlying termination proceeding, they were not physically present at mediation, and they were not signatories to the Mediated Settlement Agreement. Notwithstanding, the Mediated Settlement

Agreement included representations made by Intervenors regarding Appellant's future access to the child. CR at 26.

On October 7, 2016, the "Final Order in Suit Affecting Parent-Child Relationship – Termination of Parental Rights, and Appointment of Managing Conservator" (hereinafter "Termination Order") was signed by the Court based on the Mediated Settlement Agreement. The Final Termination Order terminated Appellant's parental rights, and in so doing, the Court found by clear and convincing evidence that termination of the parent-child relationship was in the best interest of the child, and that Appellant executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 161.001(1)(K) of the Texas Family Code. CR at 33.

The Termination Order incorporated the provisions in the Mediated Settlement Agreement, including those specifying Appellant's future access to the child after entry of the final order. The Termination Order also included a provision requiring Appellant's trial counsel, Karen Arias, to remain as Appellant's attorney of record after entry of the termination so that she could ensure that the provisions of the Mediated Settlement Agreement and Final Order were incorporated into a future Decree of Adoption. The Termination Order required that Appellant's attorney receive copies of all pleadings and orders related to the adoption of the child to ensure that the provisions of the Mediated

Settlement Agreement were incorporated into the adoption order "for enforceability purposes". CR at 33.

On August 4, 2017, the Court entered an Agreed Order Granting Adoption which did not incorporate any provisions regarding post-termination contact from the Mediated Settlement Agreement or the Termination Order. CR at 77.

Appellant's trial attorney did not receive any notice of the adoption proceedings, or an opportunity to review the adoption order prior to entry with the Court. CR at 60.

Intervenors allowed Appellant to have supervised visits with the child until March 2018 pursuant to the terms of the Mediated Settlement Agreement and Termination Order. Sometime thereafter, it became apparent to Appellant that Intervenors would no longer be honoring the terms of the Mediated Settlement Agreement and Termination Order. CR at 77-78. It was at that point that Appellant first became aware of the fact that Intervenors had no intention of continuing to honor the terms of the Mediated Settlement Agreement and Termination Order. CR at 78; CR at 54-58.

As a result, Appellant filed her Original Petition for Bill of Review on May 29, 2018 seeking to review the order terminating her parental rights signed by the Court on October 7, 2016. The order terminating Appellant's parental rights was predicated on a finding by the Court that Appellant voluntarily executed an

unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 161.001(1)(K) of the Texas Family Code.  CR at 7.

On August 24, 2018, Intervenors filed a Petition in Intervention in Suit and Plea to the Jurisdiction.  CR at 62.

On September 6, 2018, Intervenors filed their Original Answer to Original Petition for Bill of Review.  CR at 68.

On September 10, 2018, Intervenors filed a Brief in Support of Plea to the Jurisdiction.  CR at 75.

Appellant's Petition for Bill of Review and Intervenors' Petition in Intervention and Plea to the Jurisdiction were set for a hearing on September 10, 2018. The trial court heard Intervenors' Petition in Intervention and Plea to the Jurisdiction, after which the trial court signed an Order granting Intervenors' Petition in Intervention and Plea to the Jurisdiction, and dismissing Appellant's Petition for Bill of Review with prejudice. RR 14:17-18; 33:8-11; CR at 87.

The trial court granted Intervenors' Plea to the Jurisdiction without reaching the merits of Appellant's Original Petition for Bill of Review.  RR 33:8-11.

Appellant's trial counsel made an offer of proof to the Court regarding the substance of Appellant's Bill of Review.  RR 33:16 through 42:17.

Appellant filed her Notice of Appeal on September 25, 2018.  CR at 88.

This is an appeal from the Order Granting Intervenors' Petition in Intervention in Suit for Bill of Review, and Intervenors' Plea to the Jurisdiction, which was signed by the trial court on September 10, 2018.

Appellant is presumed indigent and may proceed without paying costs under Rule 20.1 of the Texas Rules of Appellate Procedure.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *See, e.g.,* City of Dallas v. Carbajal, 324 S.W.3d 537, 538 (Tex.2010) (citing Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.1999)). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.* (*citing* Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.2004))*; see also* In re D.K.M., 242 S.W.3d 863, 865 n. 1, (Tex.App.-Austin 2007, no pet.) (motion to dismiss based on lack of subject matter jurisdiction is functional equivalent of plea to jurisdiction and is reviewed de novo).

In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. Texas Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864 (Tex.2001); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547 (Tex.2000). When the appellate court consider a trial court's order on a plea to the jurisdiction, it must construe the pleadings in the plaintiff's favor and look to the

pleader's intent. *See* <u>Texas Ass'n of Bus. v. Texas Air Control Bd.</u>, 852 S.W.2d 440 (Tex.1993); <u>Peek v. Equipment Serv. Co. of San Antonio</u>, 779 S.W.2d 802 (Tex. 1989). When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *See* <u>Peek</u>, 779 S.W.2d at 804-05; <u>Texas Dep't of Corrections v. Herring</u>, 513 S.W.2d 6 (Tex.1974).

Additionally, statutory construction and the constitutionality of a statute are legal questions and are reviewed de novo. *See, e.g.,* <u>F.F.P. Operating Partners, L.P. v. Duenez</u>, 237 S.W.3d 680 (Tex.2007) (statutory construction); <u>In re C.P.J.</u>, 129 S.W.3d 573 (Tex.App.-Dallas 2003, pet. denied) (constitutionality of statute).

## <u>ARGUMENTS AND AUTHORITIES</u>

1. **Section 161.211(a) of the Texas Family Code is Unconstitutional as Applied to Appellant.**

Section 161.211(a) of the Texas Family Code limits a direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment to issues relating to fraud, duress, or coercion in the execution of the affidavit of relinquishment.

An individual who challenges the constitutionality of a statute bears the burden to establish its unconstitutionality. <u>In re D.J.R.</u>, 319 S.W.3d 759 (Tex.App.-El Paso 2010, pet. denied). A claim that a statute is unconstitutional as applied is a

claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant. *Id.* 857. An as-applied challenger is required only to demonstrate that the statute operates unconstitutionally when applied to his or her particular set of circumstances. *Id.*

Courts should decide constitutional issues narrowly based on the precise facts of the case, not speculative or hypothetical injuries. In re C.M.D., 287 S.W.3d 510, 515 (Tex.App.-Houston [14th Dist.] 2009, no pet.). There is no need to reach the constitutionality of a statute where there is no showing the operation of the challenged statute harmed the Appellant. *See* In re D.J.R., 319 S.W.3d 759, Tex.App.-El Paso 2010, pet. denied); Walker v. Tex. Dep't of Family & Protective Servs., 312 S.W.3d 608 (Tex.App.-Houston [1st Dist.] 2009, pet. denied).

When the State seeks to sever permanently the relationship between a parent and a child, it must first observe fundamentally fair procedures. A parental rights termination proceeding encumbers a value "far more precious than any property right" and is consequently governed by special rules. Santosky v. Kramer, 455 U.S. 745 (1982); In re E.R., 385 S.W. 3d 552 (Tex. 2012).

In reference to Section 263.405 of the Texas Family Code, the Texas Supreme Court held that it did not indicate legislative intent to unfairly or unreasonably preclude parents from appealing final orders. In like manner, Section 161.211(a) does not indicate a legislative intent to unfairly or unreasonably

**14**

preclude a parent from challenging an order terminating parental rights based on fraud, duress, or coercion in the execution of an affidavit of relinquishment. In re M.N., 262 S.W.3d 799 (Tex. 2008).

Finality cannot trump a parent's constitutional right to be heard. Stanley v. Illinois, 405 U.S. 645, 646, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (noting that "the Constitution recognizes higher values than speed and efficiency"); In re E.R., 385 S.W. 3d 552 (Tex. 2012). The Texas Supreme Court has held that the Family Code provisions that expedite termination proceedings must still yield to due process. *See* In the Interest of B.G., 317 S.W.3d 250 (Tex.2010); In the Interest of J.O.A., 283 S.W.3d 336 (Tex.2009).

This Court held in In re E.R., 335 S.W.3d 816 (Tex.App.-Dallas 2011, pet. granted) that "[t]he mandatory language of family code section 161.211 leaves no room for a construction other than a requirement that any collateral or direct attack on the termination of parental rights, including a motion for new trial, be filed no more than six months after the termination order is signed." *Id.* at 820. The majority further concluded, "The six-month deadline in family code section 161.211 is not a plea in avoidance, but is, rather, a bar to or preclusion of a challenge to a termination order more than six months after the termination order is signed." *Id.* The majority addressed the dissent by stating that while "[t]he dissent would hold that section 161.211's six-month bar to [the mother's] direct or

**15**

collateral attack on the validity of a termination order is unconstitutional," the mother "has not argued her constitutional rights have been violated or otherwise challenged the constitutionality of the statute and, therefore, has not preserved or presented the issue for our review." *Id.* at 822-23.

Appellant's case is distinguishable from In re E.R., and finding that Section 161.211(a) is unconstitutional as applied to Appellant here would be consistent with this Court's holding and opinion in In re E.R.

First, Appellant argued in the trial court that her constitutional rights have been violated, or she otherwise challenged the constitutionality of the statute, and she has therefore preserved the constitutional issues for this Court's review, including her due process rights. See RR: 10:2-25; 12:5-25; 13:1-5; 18:21-24; 32:6-16; 34:10-19; 25:18-25.

Appellant also made a showing that, to the extent allowed by the trial court, the operation of Section 161.211(a) harmed Appellant. Exhibit "C" to Appellant's Original Petition for Bill of Review is a text message from Intervenors to Appellant indicating that it was within their sole discretion to follow or not follow the terms of the Mediated Settlement Agreement and the Termination Order. Intervenors' pleadings establish that they will only allow Appellant's visits with the child as they see fit.

**16**

The Court's application of Section 161.211(a) to Appellant eliminates any adequate legal remedy for Appellant, and ratifies the material misrepresentations made by the Texas Department of Family and Protective Services to induce Appellant into signing a mediated settlement agreement which resulted in relinquishment of her parental rights and termination of her parental rights.

It further allows the Department and the Intervenors to completely renege on those agreements without any recourse by a parent whose parental rights have been terminated as a result of the promises made by the State of Texas in mediation, with the apparent authority of the Intervenors.

It encourages the Department to comply with the terms of the Mediated Settlement Agreement and Termination Order for six months, but to then turn around and renege on those agreements after the time for Appellant to lodge a direct or collateral attack has expired under Section 161.211(a). The State of Texas and the Intervenors continued to perpetrate a fraud on Appellant to ensure that she would not act to timely assert her constitutional parental rights to the child, and the interpretation of Section 161.211(a) advocated by the majority opinion of this Court rewards them for committing fraud while depriving Appellant, and more importantly, the child, of any procedural safeguards for Appellant's parental rights, and for the child's constitutional relationship with Appellant.

17

Appellant has been harmed by application of Section 161.211(a) to her case because she has forever relinquished her constitutional right to raise her child, and had her constitutional right permanently severed, without any recourse when the State of Texas and Intervenors decided that their promises were discretionary.

Appellant has lost time with her child, time that she was promised in the Mediated Settlement Agreement and Termination Order. CR at 54-58.

Appellant was harmed because the State of Texas decided to violate the terms of the Mediated Settlement Agreement and Termination Order by failing to give Appellant's trial counsel notice of the subsequent adoption proceedings.

This Court affirmed the trial court's judgment in In re C.T.C., 365 S.W. 3d 853 (Tex.App.-Dallas 2012). In so doing, the Court stated that "The record shows Father argued in the trial court, without objection by Mother, that section 161.211(a) is unconstitutional as applied to him because it violates his due process rights. However, on this record, we cannot conclude Father has met his burden to show he was harmed by the application of that statute to his case. *See* In re D.J.R., 319 S.W.3d at 765-66. The record shows the agreed order of termination was signed on November 24, 2009. Thus, the six-month time period during which Father could challenge that order expired on May 24, 2010. *See* TEX. FAM. CODE ANN. § 161.211(a). Father pleaded he was aware of the alleged fraud by Mother "on or about April 14, 2010," more than one and one-half months before

**18**

the end of the six-month time period, and, according to his affidavit, he contacted counsel by, at the latest, April 2010. Yet, despite the language in section 161.211(a) providing a six-month deadline, Father did not file his attack on the agreed order of termination until September 29, 2010. Father does not explain, and the record does not show, how section 161.211(a)'s six-month time limit operated to adversely affect his right to attack the agreed termination order when the six-month time period had not elapsed at the time he became aware of the alleged fraud and retained counsel. Accordingly, we decide Father's second issue against him. *See* In re D.J.R*.,* 319 S.W.3d at 765-66; Walker*,* 312 S.W.3d at 625."

Unlike the father in In re C.T.C., the six-month time period had already passed when Appellant first became aware of the fraud, duress, or coercion in her execution of the affidavit of relinquishment. The record affirmatively demonstrates that Appellant was harmed by the application of Section 161.211(a).

However, if this Court does not believe that the record affirmatively demonstrates that she was harmed by application of this section, then that deficiency is a result of the trial court's refusal to allow Appellant to proceed with making her prima facie case in support of her Original Petition for Bill of Review.

Due process should prevail over a state law time limit, even one imposed on challenges to termination of parental rights or adoptions. In re E.R., 385 S.W. 3d 552 (Tex. 2012).

**2. Intervenors' Petition in Intervention Should Have Been Denied.**

Intervenors' Petition in Intervention should have been denied. The sufficiency of the petition in intervention is tested by the allegations of fact on which the right to intervene depends. Serna v. Webster, 908 S.W.2d 487 (Tex.App.-San Antonio 1995, no writ); H. Tebbs, Inc. v. Silver Eagle Distribs., 797 S.W.2d 80 (Tex.App.-Austin 1990, no writ).

Intervenors must have a justiciable interest in the suit. In re Union Carbide, 273 S.W.3d 152 (Tex. 2008). A party can intervene if it (1) could have brought all or part of the same suit in its own name or (2) would have been able to defeat all or part of the recovery if the suit had been filed against it. Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co., 793 S.W.2d 652 (Tex. 1990).

The court must have subject matter jurisdiction over any claims for relief asserted by the Intervenor. *See* Abdullatif v. Erpile, LLC, 460 S.W.3d 685 (Tex.App.-Houston [14th Dist.] 2015, no pet.). The petition in intervention should allege facts that demonstrate the court's subject matter jurisdiction. Id. at 691.

Appellant objected to Intervenors' Petition in Intervention, and Appellant's objection was tried by consent. RR 6:18; 13:9-16; 13:23-25; 14:1-16. After hearing the arguments of counsel, the trial court overruled Appellant's objection and allowed Intervenors to proceed. RR 14:17-18.

Intervenors' Petition in Intervention and Plea to the Jurisdiction did not allege facts that demonstrated the trial court's subject matter jurisdiction over any claims for relief asserted by the Intervenor. CR at 62. To the contrary, Intervenors' Petition in Intervention and Plea to the Jurisdiction affirmatively refuted the trial court's subject matter jurisdiction when they asked the trial court to "dismiss this action because this Court lacks subject matter jurisdiction under Texas Family Code §161.211(a)." CR1:63. It is impossible for the Intervenors to intervene in a proceeding over which they claim the trial court lacks subject matter jurisdiction.

Further, Intervenors' failed to show that they could have brought all or part of the same suit in their own name, or that they would have been able to defeat all or part of the recovery if the suit had been filed against them.

The trial court should have denied Intervenors' Petition in Intervention.

## CONCLUSION

Section 161.211(a) of the Texas Family Code is unconstitutional as applied to Appellant, and Appellant preserved the constitutional issues for this Court's review, including her due process rights. See RR: 10:2-25; 12:5-25; 13:1-5; 18:21-24; 32:6-16; 34:10-19; 25:18-25. Appellant also made a showing that, to the extent allowed by the trial court, the operation of Section 161.211(a) harmed Appellant.

Intervenors' Petition in Intervention should have been denied. Appellant objected to Intervenors' Petition in Intervention, and Appellant's objection was

tried by consent. RR 6:18; 13:9-16; 13:23-25; 14:1-16. Intervenors' Petition in Intervention and Plea to the Jurisdiction did not allege facts that demonstrated the trial court's subject matter jurisdiction over any claims for relief asserted by the Intervenor, and actually argued against any subject matter jurisdiction of the trial court. CR at 62-63. Intervenors' failed to show that they could have brought all or part of the same suit in their own name, or that they would have been able to defeat all or part of the recovery if the suit had been filed against them.

## PRAYER

Appellant prays that this Court reverses the Order Granting Petition in Intervention and Plea to the Jurisdiction signed by the trial court below, and that this Court remands this case back to the trial court for a hearing on the merits of Appellant's Original Petition for Bill of Review.

Alternatively, Appellant prays for whatever relief to which this Court finds that Appellant may otherwise be entitled.

Respectfully submitted,

**BOYD LITIGATION GROUP**
205 W. Louisiana Street, Suite 103
McKinney, Texas 75069
Tel: (469) 777-6129
Email: **boydlitigationgroup@gmail.com**

By:_____
    **CASEY T. BOYD**
    State Bar No. 24059477
    **Counsel for APPELLANT**

**22**

## CERTIFICATE OF SERVICE

I certify that on January 31, 2019, I served a copy of the Appellant's Brief to the following counsel and parties by electronic mail or via facsimile:

**Respondent/Appellee's Appellate Counsel:**
Mr. John Rolater
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071
Tel: (972) 548-4323
Fax: (214) 491-4860
Email: **jrolater@co.collin.tx.us**

**Intervenors/Appellees' Trial Counsel:**
Ms. Rebecca Rowan
State Bar No. 24060729
KOONSFULLER, P.C.
1717 McKinney Avenue, Suite 1500
Dallas, Texas 75202
Tel: (214) 871-2727
Fax: (214) 871-0196
Email: **rrowan@.koonsfuller.com**

**Attorney Ad Litem in Trial Court for R.M., the Child:**
Ms. Terri Daniel
State Bar No. 00796433
6675 Mediterranean Dr., Suite 407
McKinney, Teas 75072
Tel: (469) 519-2739
Fax: (877) 291-1215
Email: **terri@terridaniellaw.com**

**CASEY T. BOYD**
**Counsel for APPELLANT**

**IN THE FIFTH DISTRICT COURT OF APPEALS
AT DALLAS, TEXAS**

**IN THE INTEREST OF R.M., A CHILD**

**JILL KUTKA,
APPELLANT**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
APPELLEE**

**SHAWN INGRAM AND JENNIFER INGRAM,
APPELLEES**

# APPELLANT'S APPENDIX

1.  **Texas Family Code Section 162.211(a)**    **Appendix Exhibit "A"**

2.  **Texas Family Code Section 263.405**    **Appendix Exhibit "B"**

# APPELLANT'S APPENDIX EXHIBIT "A"

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 161. Termination of the Parent-Child Relationship (Refs & Annos)
          Subchapter C. Hearing and Order

V.T.C.A., Family Code § 161.211

§ 161.211. Direct or Collateral Attack on Termination Order

Currentness

(a) Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.

(b) Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who is served by citation by publication is not subject to collateral or direct attack after the sixth month after the date the order was signed.

(c) A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit.

**Credits**
Added by Acts 1997, 75th Leg., ch. 600, § 1, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 601, § 2, eff. Sept. 1, 1997. Amended by Acts 1999, 76th Leg., ch. 1390, § 19, eff. Sept. 1, 1999.

Notes of Decisions (48)

V. T. C. A., Family Code § 161.211, TX FAMILY § 161.211
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# APPELLANT'S APPENDIX EXHIBIT "B"

**Sec. 263.405. APPEAL OF FINAL ORDER.** (a) An appeal of a final order rendered under this subchapter is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure. The appellate court shall render its final order or judgment with the least possible delay.

(b) A final order rendered under this subchapter must contain the following prominently displayed statement in boldfaced type, in capital letters, or underlined: "A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL."

(b-1) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

(c) The supreme court shall adopt rules accelerating the disposition by the appellate court and the supreme court of an appeal of a final order granting termination of the parent-child relationship rendered under this subchapter.

(d) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

(e) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

(f) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

(g) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

(h) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

(i) Repealed by Acts 2011, 82nd Leg., R.S., Ch. 75, Sec. 5, eff. September 1, 2011.

Added by Acts 2001, 77th Leg., ch. 1090, Sec. 9, eff. Sept. 1, 2001.

Amended by:

Acts 2005, 79th Leg., Ch. 176 (H.B. 409), Sec. 1, eff. September 1, 2005.

Acts 2007, 80th Leg., R.S., Ch. 526 (S.B. 813), Sec. 2, eff. June 16, 2007.

Acts 2011, 82nd Leg., R.S., Ch. 75 (H.B. 906), Sec. 4, eff. September 1, 2011.

Acts 2011, 82nd Leg., R.S., Ch. 75 (H.B. 906), Sec. 5, eff. September 1, 2011.