**Affirmed as Modified and Opinion filed March 12, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00038-CV

---

### OSAMA ABDULLATIF, Appellant

### V.

### ERPILE, LLC AND ALI CHOUDHRI, Appellees

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 992,444-002**

---

### O P I N I O N

In this appeal from the judgment of a Harris County civil court at law, no one challenges the trial court's judgment regarding the original plaintiff's claim against the original defendant. Instead, the defendant argues that the trial court lacked subject-matter jurisdiction over the intervenor's claims. We agree. We additionally conclude that the trial court lacked subject-matter jurisdiction over three of the defendant's four counter-claims against the intervenor. The trial

court's ruling on the merits of the remaining counterclaim has not been challenged on appeal. We accordingly modify the judgment to dismiss without prejudice those claims over which the trial court lacked subject-matter jurisdiction, and affirm the judgment as modified.

## I. BACKGROUND

Appellant Osama Abdullatif and appellee Ali Choudhri have a long and complex litigation history.[1] For the purposes of this suit, however, we need consider only two cases.

### A. The Suit in Harris County Civil Court at Law No. 3

In January 2011, Erpile, LLC sued Abdullatif in Harris County Civil Court at Law No. 3 in a case styled as *Erpile, LLC v. Osama Abdullatif and Stephen Hunt*, Cause No. 981824. Erpile alleged that Abdullatif, the previous owner of 100% of the membership interest in Erpile, LLC, had assigned all of his interest in the company to Richard Wakefield. Erpile stated that despite this assignment, Abdullatif continued purporting to act on behalf of the company. In particular, Erpile alleged that Abdullatif was attempting to act on Erpile's behalf in foreclosing on a property. Erpile alleged that such actions were contrary to a "Participation Agreement" between Choudhri and Erpile, which provided that any foreclosure by Erpile would require the consent of both Erpile and Choudhri. Erpile alleged that neither it nor Choudhri had consented to the foreclosure. Erpile therefore asked the trial court to declare that Abdullatif has no interest in the company, and to render injunctive relief.

A few weeks after the suit was filed, Abdullatif and Choudhri signed a

---

[1] *See generally Choudhri v. Latif & Co.*, Nos. 14-14-00235-CV & 14-14-00236-CV, 2014 WL 2854875 (Tex. App.—Houston [14th Dist.] June 3, 2014, orig. proceeding) (describing the overlapping litigation between Choudhri and Abdullatif in four trial courts).

2

settlement agreement to resolve a number of their business disputes. Among other things, Choudhri agreed to non-suit a case that was pending in County Court at Law No. 3. Although Choudhri was not a party to *Erpile, LLC v. Abdullatif* in County Court at Law No. 3, and the cause number stated in the settlement agreement does not match the cause number of that case, the parties all state in their briefs that this was the suit to which they referred. About two weeks after Choudhri and Abdullatif signed the settlement agreement, Erpile non-suited the case without prejudice.

Almost immediately, disputes arose concerning the settlement agreement. Choudhri maintained that Abdullatif had breached the duty to convey a deed to a particular property,[2] and Abdullatif asserted that Choudhri failed to pay him $1.975 million by a certain date as specified in the settlement agreement. These disputes led to further litigation.

## B.   The Suit in Harris County Civil Court at Law No. 4

In May 2011, Erpile filed this suit against Abdullatif in Harris County Civil Court at Law No. 4. As in the earlier suit filed in a civil county court at law, Erpile alleged that Abdullatif had assigned all of the membership interests in the company to Wakefield, who then became the company's manager. Once again, Erpile sought a declaration that Abdullatif owns no interest in the company. Erpile specifically stated in its pleading, "This suit is limited to determining the ownership of property, being Erpile and requests no other relief either directly or indirectly, other than a restoration of the prior injunction."[3] Erpile later dropped the request for injunctive relief.

---

[2] Choudhri asserted these claims in a separate suit against Abdullatif and others in the Harris County 164th District Court. We mention them here only to provide context for the declarations requested in this suit.

[3] Font normalized.

3

Choudhri filed a petition in intervention in the suit. He asked the trial court to make two declarations about the settlement agreement that ended the earlier litigation, and later amended his petition to add a request for a third declaration. The requested declarations were as follows:

> 1.  "The Settlement Agreement is a valid and enforceable agreement";
>
> 2.  "The Settlement Agreement was breached by Osama Abdullatif prior to the date [that Choudhri was required to pay Abdullatif $1,975,000] pursuant to ¶ 10 of the Settlement Agreement"; and
>
> 3.  "Osama Abdullatif's breach excused any further performance by Ali Choudhri under the Settlement Agreement."

Abdullatif filed a plea to the jurisdiction in which he challenged the trial court's subject-matter jurisdiction over Choudhri's claims. After the trial court had denied the plea and Choudhri had moved for partial summary judgment on his own claims, Abdullatif filed original and amended counterclaims against Choudhri. In his original counterclaim, Abdullatif asked for more than $2.3 million in actual damages and a long list of declarations. He then amended his counterclaim to request only attorney's fees and the following four declarations:

> 1.  "Choudhri confirmed repeatedly that Erpile owned the Lien on [a certain real property] in several filings in federal bankruptcy court";
>
> 2.  "Choudhri filed a fraudulent Lien release extinguishing Erpile's security interest in [that property]";
>
> 3.  "[Neither] Choudhri nor Erpile have ever repaid Abdullatif the $2,300,000 he advanced Choudhri"; and
>
> 4.  "Abdullatif is, and has always been, the rightful owner of the membership interest in Erpile."[4]

The trial court granted Choudhri's motion for partial summary judgment and issued an order that included the following declarations:

---

[4] These requests were in Abdullatif's first amended counterclaims. The trial court struck Abdullatif's second amended counterclaims, and he does not challenge that ruling.

4

1. "The Settlement Agreement entered into between Choudhri and Abdullatif on January 22, 2011, was and is valid and enforceable";

2. "Abdullatif committed the first material breach of the Settlement Agreement"; and

3. "As a result of Abdullatif committing the first material breach of the Settlement Agreement, Choudhri was and is excused from performing any further obligations under the Settlement Agreement."

After the trial court issued this order, Choudhri and Erpile moved for final summary judgment on Erpile's claims and on Abdullatif's counterclaims against Choudhri. Abdullatif filed no response to the motion, and the trial court granted it. In its final judgment, the trial court made the declaration requested by Erpile that "Defendant Osama Abdullatif has no ownership interest in Erpile, LLC." That part of the judgment has not been challenged on appeal. The trial court also repeated the three declarations made in the earlier order granting Choudhri's motion for partial summary judgment, and dismissed Abdullatif's counterclaims against Choudhri with prejudice.

Although Abdullatif has presented three issues for review, its challenge to the trial court's subject-matter jurisdiction is dispositive.

## II. THE SCOPE OF THE TRIAL COURT'S SUBJECT-MATTER JURISDICTION

"[S]ubject-matter jurisidiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Consequently, a court cannot render a binding judgment concerning matters over which it lacks subject-matter jurisdiction. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding). Determining whether a trial court had subject-matter jurisdiction is a question of law, which we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

For courts of general jurisdiction such as our state district courts, subject-matter jurisdiction usually is presumed, absent a showing to the contrary. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) (sub. op.). But county courts at law are courts of limited jurisdiction. *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 401 (Tex. 2007). Because jurisdiction in such courts is not presumed, the authority to adjudicate the claims presented must be established at the outset of the case. *See Dubai Petroleum*, 12 S.W.3d at 75. One who files a pleading asserting a cause of action must "allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). This requirement applies equally to intervenors and to parties. TEX. R. CIV. P. 61.

In a Harris County civil court at law, original jurisdiction can be based on the value of the "matter in controversy." *See* Act of May 27, 1991, 72nd Leg., R.S., ch. 746, § 2, 1991 TEX. GEN. LAWS 2620, 2620 (amended 2011) (current version at TEX. GOV'T CODE ANN. § 25.0003(c) (West Supp. 2014)). Alternatively, original jurisdiction can be based on the nature of the matter in controversy. *See* TEX. GOV'T CODE ANN. § 25.1032(c) (West Supp. 2014). In this category, such a court has jurisdiction to "decide the issue of title to real or personal property" and to "hear a suit for the enforcement of a lien on real property." *See id.*[5]

### III. SUBJECT-MATTER JURISDICTION OVER CHOUDHRI'S CLAIMS

For the reasons described below, we conclude that the amount in controversy in Choudhri's claims against Abdullatif was not within the trial court's

---

[5] A Harris County civil court at law has original jurisdiction over other matters as well, but neither we nor the parties have identified any basis other than those listed here on which the trial court arguably could base the exercise of subject-matter jurisdiction in this case.

jurisdictional limits. We further conclude that because Choudhri's claims are concerned solely with the validity and performance of the settlement agreement, the claims do not fall within the trial court's jurisdiction to decide the issue of title to real or personal property or its jurisdiction to hear a suit for the enforcement of a lien on real property.

## A. Value of Choudhri's Claims Against Abdullatif

To determine whether a trial court has subject-matter jurisdiction based on the value of the matter in controversy, courts look to the amount of damages alleged in the pleading. *See Brite*, 215 S.W.3d at 402–03. When Choudhri intervened, the county civil court at law had jurisdiction over "civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition." *See* Act of May 27, 1991, 72nd Leg., R.S., ch. 746, § 2, 1991 TEX. GEN. LAWS 2620, 2620 (amended 2011).

Choudhri sought no damages other than attorney's fees under the Uniform Declaratory Judgments Act; thus, his petition in intervention did not even include a "statement that the damages sought are within the jurisdictional limits of the court" as required by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 47(b), 785–86 S.W.2d [Tex. Cases] xli (1990, amended 2013). Because this was not an action for damages, and attorney's fees are excluded by statute when determining whether the value of the matter in controversy is within the trial court's jurisdictional limit, the trial court could not exercise subject-matter jurisdiction over Choudhri's claims based on the amount of damages sought.[6]

---

[6] Even if we were to consider the effect of the declarations sought and not simply the amount that Choudhri sought to recover, the trial court would lack subject-matter jurisdiction. The settlement agreement imposes financial obligations on both Abdullatif and Choudhri far in excess of the trial court's jurisdictional limits. The extent to which the obligations imposed by a

7

## B.    Nature of Choudri's Claims Against Abdullatif

Both in Choudhri's original petition and his live pleading when judgment was entered, the nature of the controversy was identified only from the specific declarations requested and from the following paragraph:

On January 22, 2011, Intervenor and Defendant Osama Abdullatif executed a Settlement Agreement to (1) resolve the litigation in Cause No. 981724, *Erpile, LLC v. Osama Abdullatif*, in Harris County Civil Court at Law No. 3, (2) amend an agreement dated October 27, 2009 involving Erpile, LLC, and (3) settle disputes regarding the parties' other business dealings.  The January 22, 2011 Settlement Agreement (hereinafter referred to as the "Settlement Agreement") is attached hereto and incorporated for all purposes herein, as Exhibit A.  Exhibit A is subject to the cause in which this intervention is filed.

As can be seen from the nature of the controversy described above and from the declarations Choudhri requested, this is not "a suit for the enforcement of a lien on real property."  Choudhri also did not ask the trial court to "decide the issue of title to real or personal property."  All of Choudhri's claims instead are about the validity and performance of a settlement agreement.

Choudhri nevertheless argues that the trial court had subject-matter jurisdiction over his petition in intervention because the court had jurisdiction to decide the issue of title to personal property, i.e., the membership interest in Erpile.[7]  Choudhri asserts that Abdullatif's claim to an ownership interest in Erpile "was an integral part of Choudhri's intervention," but this is not supported by the record.  Abdullatif had not asserted any claims in this suit when Choudhri

settlement agreement must be honored is affected by determinations such as those at issue here, i.e., whether the agreement has been breached, and if so, whether a promised performance is enforceable or excused.  *See Advanced Personal Care, LLC v. Churchill*, 437 S.W.3d 41, 46–48 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[7] *See* TEX. BUS. ORGS. CODE ANN. § 101.106(a) (West 2012) ("A membership interest in a limited liability company is personal property.").

8

intervened. Moreover, Choudhri never asked the trial court to decide who owns the membership interest in Erpile; that was Erpile's issue, and the existence of subject-matter jurisdiction over a plaintiff's claims does not mean that the trial court had subject-matter jurisdiction over the intervenor's distinct claims— particularly where, as here, the trial court is a court of limited jurisdiction.

Here, only Erpile asked the trial court to decide an issue of title to personal property. Choudhri did not state such a claim, and the settlement agreement incorporated into Choudhri's pleadings does not purport to convey title to the membership interest in Erpile. Indeed, neither Choudhri's pleadings nor the settlement agreement even mention Erpile's ownership.

Choudhri implicitly acknowledges the difference between his claim and Erpile's claim, stating in his brief that "Erpile's suit to determine rightful ownership of the membership rested on the Assignment of Interest signed by Abdullatif on September 15, 2010," but "Choudhri's Petition in Intervention raised the issue from a different direction[:] the enforceability of the Settlement Agreement whereby Abdullatif released any of his claims 'due to [Abdullatif's and Choudhri's] dealings with Erpile.'" This is not merely "a different direction"; these are different claims arising from different contracts and conferring different rights on different people.

Because his claims are independent of Erpile's claims, the question of whether the trial court had jurisdiction over Choudhri's claims cannot be answered by saying that the trial court had jurisdiction over Erpile's claims. *See Clark v. Turner*, 92 S.W.2d 511, 513 (Tex. Civ. App.—Dallas 1936, no writ) ("An independent cause of action, it matters not what form the pleadings may take, will not dispense with the necessity of alleging jurisdictional facts so as to confer

9

jurisdiction on the court trying the cause.").[8]

Choudhri additionally asserts that the Harris County civil court at law has jurisdiction over his claims because they are "inherently intertwined" with Erpile's claims. In support of this argument, he cites *Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451 (Tex. App.—Houston [14th Dist.] 2002, no pet.). That case is distinguishable.

In *Taub*, a gas utility filed a condemnation action in a Harris County civil court at law. *Id.* at 454. In Harris County, such courts have exclusive jurisdiction over eminent-domain proceedings. *See id.* at 456 (citing TEX. GOV'T CODE ANN. § 25.1032(c)). One of the landowners then sued the utility in a district court concerning the utility's activities on the property. *See id.* at 454. The utility counterclaimed for condemnation, asserting the same claim that it had asserted in the county civil court at law. *See id.* Both actions were consolidated and tried to a final judgment in the district court. *See id.* at 454–55. On appeal, we vacated the

---

[8] In a related argument, Choudhri cites section 5.83 of McDonald and Carlson's Texas Civil Practice for the proposition that "when an intervenor's rights are incident to the claim asserted by the plaintiff, and jurisdiction is established by the plaintiff's complaint, the intervenor need not show independent grounds to support jurisdiction." But what the cited source actually states is as follows:

> When the intervenor's rights are incident to the claim asserted by the plaintiff, *and the intervenor is aligned either as a plaintiff to share in the recovery, or as a defendant to resist it*, the jurisdiction established by the plaintiff's complaint supports the intervenor and the intervenor need not show independent grounds to support jurisdiction of the intervenor's claim or defense standing alone. *But if the intervenor's pleading presents an independent action that might have been joined, the intervenor must allege and establish jurisdiction.*

1 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE 2d § 5.83 (2d ed. 2004) (emphasis added, footnotes omitted).

Here, the rights that Choudhri claims are not "incident to the claim asserted by the plaintiff"; he does not seek to share in the plaintiff's recovery or resist it; and he asserts independent claims and requests for relief. He therefore cannot rely on Erpile's pleadings as a basis for the trial court's subject-matter jurisdiction over his own claims.

part of the judgment dealing with the condemnation claim and explained that, because the Harris County civil court at law had exclusive jurisdiction over such claims, the district court lacked subject-matter jurisdiction over it. *Id.* at 456. The utility argued that this would lead to separate adjudications of the condemnor's and the landowner's claims. *Id.* at 457. After considering the history of this exclusive-jurisdiction provision, we rejected that argument, holding that the Harris County civil courts at law have jurisdiction "over a landowner's claims, regardless of the amount in controversy, when those claims are inherently intertwined in an eminent domain proceeding." *Id.* at 458.

Neither we nor our sister courts have applied *Taub*'s holding outside of the eminent-domain context, and we decline to do so in the dissimilar circumstances here. In *Taub*, the plaintiff in the Harris County civil court at law was required to bring its case in that court because it had exclusive jurisdiction. Here, none of the claims asserted are within the county civil court at law's exclusive jurisdiction. In *Taub*, the additional claim over which the Harris County civil court at law exercised jurisdiction were asserted by the landowner, a person who necessarily was already before the court as part of the eminent-domain action. Here, the claims being challenged on jurisdictional grounds were injected by a non-party who intervened in the action. And in *Taub*, the challenged claims were inherently intertwined with the plaintiff's claims. Here, the claims asserted by Choudhri are independent of the plaintiff's claims.

Finally, Choudhri points out that Abdullatif did not file a motion to strike Choudhri's petition in intervention. *See* TEX. R. CIV. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."). The question before us is not whether Choudhri's petition in intervention should have been stricken, but whether

the trial court had subject-matter jurisdiction to address Choudhri's claims. Stated differently, we are not asked to decide whether Choudhri properly made himself a party to this lawsuit,[9] but whether, having become a party, Choudhri asserted claims within the trial court's subject-matter jurisdiction. These are distinct questions. There may be no practical difference in the effect that an appellate court's adverse ruling on either question might have on an intervenor, but there is a considerable difference in the way that courts review each issue.[10]

In sum, we conclude that the trial court lacked subject-matter jurisdiction over the claims asserted by Choudhri. We accordingly modify the judgment to dismiss his claims without prejudice. *See Blue Cross Blue Shield of Tex. v. Duenez*, 201 S.W.3d 674, 675 (Tex. 2006) (per curiam) (explaining that claims over which the trial court lacks subject-matter jurisdiction are dismissed without prejudice).

## IV. SUBJECT-MATTER JURISDICTION OVER ABDULLATIF'S CLAIMS AGAINST CHOUDHRI

In his brief, Abdullatif concedes that if the trial court lacked subject-matter jurisdiction over Choudhri's claims, then it also lacked subject-matter jurisdiction over Abdullatif's claims. We agree that the trial court lacked subject-matter

---

[9] Absent a motion to strike, one who files a petition in intervention generally becomes a party to the suit for all purposes. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g).

[10] We apply a de novo standard of review in determining whether the trial court had subject-matter jurisdiction. *See Rhule*, 417 S.W.3d at 442. But when determining whether the trial court's ruling on a motion to strike was erroneous, we apply an abuse-of-discretion standard of review. *See Guar. Fed. Sav. Bank v.*, 793 S.W.2d at 657. A judgment by a trial court lacking subject-matter jurisdiction is void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). In contrast, an erroneous ruling on a motion to strike is merely voidable. *See Tex. Dep't of Health v. Buckner*, 950 S.W.2d 216, 217–18 (Tex. App.—Fort Worth 1997, no writ) (reversing and remanding where trial court abused its discretion in granting a motion to strike the petition in intervention).

12

jurisdiction to render judgment on the merits regarding three of Abdullatif's four requests for declaratory relief. We conclude, however, that one of his requests for relief was within the trial court's jurisdiction.

## A.    Value of Abdullatif's Claims Against Choudhri

In Abdullatif's original counterclaim, he sought actual damages of "no less than $2,300,000"—an amount well in excess of the trial court's upper jurisdictional limit.[11] *See Kormanik v. Seghers*, 362 S.W.3d 679, 692 (Tex. App.— Houston [14th Dist.] 2011, pet. denied) (supp. op.) (explaining that, to determine whether a Harris County civil court at law had subject-matter jurisdiction, the appellate court would review the party's original pleading). Abdullatif then amended his counterclaim to eliminate all claims for damages, requesting only declaratory relief and attorney's fees under the Uniform Declaratory Judgments Act or chapter 38 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015) (authorizing a party asserting a contract claim to recover attorney's fees "in addition to the amount of a valid claim and costs"). But as previously explained, such attorney's fees are excluded from the calculation of the amount in controversy. Thus, in Abdullatif's original pleading, he sought damages above the trial court's maximum jurisdictional limit, and in his amended pleading, he sought no damages at all, thereby falling below the trial court's minimum jurisdictional limit. The trial court therefore could not exercise subject-matter jurisdiction over Abdullatif's claims based on the amount in controversy.

---

[11] By the time that Abdullatif had asserted counterclaims against Choudhri, the upper limit of the trial court's jurisdiction had been increased to $200,000. *See* TEX. GOV'T CODE ANN. § 25.0003(c)(1) (West. Supp. 2014).

## B. Nature of Abdullatif's Claims Against Choudhri

Abdullatif's original counterclaim against Choudhri contained numerous requests for declaratory relief, but by the time the trial court rendered final judgment denying Abdullatif's claims, only four remained. Three of these do not fall within the Harris County civil court at law's jurisdiction to "decide the issue of title to real or personal property" and to "hear a suit for the enforcement of a lien on real property." Specifically, the trial court lacked subject-matter jurisdiction to rule on the merits of Abdullatif's requests for declarations that (1) "Choudhri confirmed repeatedly that Erpile owned the Lien on [a certain real property] in several filings in federal bankruptcy court"; (2) "Choudhri filed a fraudulent Lien release extinguishing Erpile's security interest in [that property]"; and (3) "[neither] Choudhri nor Erpile have ever repaid Abdullatif the $2,300,000 he advanced Choudhri." We therefore modify the judgment to dismiss these claims without prejudice.

His remaining request for declaratory relief, however, was within the trial court's subject-matter jurisdiction. In asking the trial court to declare that "Abdullatif is, and has always been, the rightful owner of the membership interest in Erpile," Abdullatif was asking the trial court to decide the issue of title to personal property. Because the legislature has expressly authorized the Harris County civil courts at law to exercise jurisdiction over such determinations, we conclude that the trial court did not err by ruling on this issue. We do not address the merits of the trial court's ruling denying Abdullatif's request for relief and making the declaration Erpile requested. These competing requests for declaratory relief are mutually exclusive, and although Abdullatif briefed the question of whether the trial court erred in dismissing his counterclaims—all of which were asserted only against Choudhri—he does not challenge the trial court's judgment in

14

Erpile's favor on Erpile's own affirmative claim for declaratory relief. We therefore leave intact that portion of the trial court's judgment in which it declared that Abdullatif has no ownership interest in Erpile.[12]

## V. CONCLUSION

Of all of the claims addressed in the final judgment, the Harris County civil court at law had subject-matter jurisdiction only to address the request for a declaration about whether Abdullatif does or does not have an ownership interest in Erpile, LLC. We therefore modify the judgment to dismiss without prejudice all other claims by Choudhri and Abdullatif, and affirm the judgment as modified.


/s/    Tracy Christopher
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.

---

[12] At oral argument, Abdullatif's counsel confirmed that (1) the judgment in Erpile's favor disposed of Abdullatif's competing request for declaratory judgment regarding Erpile's ownership, and (2) Abdullatif does not challenge that part of the judgment.