# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00665-CV

**David Matthew Prewett, Prewett Rentals Series 2752 Military LLC, Adrienne V. Prewett, Richard Coons, Jeannette Coons, Tami Jan, Ward Galbreath, Sumit Kapoor, Rachel Kapoor, Nakul Jeirath, Tasha Jeirath, Mark L. Reis, and Janis R. Reis, Appellants**

v.

**Canyon Lake Island Property Owners Association, Sally W. Duncan, and A. Baker Duncan, Appellees**

---

### FROM COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2018CVA0217, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In April 2018, the appellants, a group of individuals owning residential property in the Canyon Lake Island subdivision (collectively, the "Homeowners"), sued the Canyon Lake Island Property Owners Association in Comal County Court at Law Number One. The Homeowners later added as defendants Sally W. Duncan and A. Baker Duncan, who also own property in the subdivision.

According to their petition, the Homeowners have been renting their properties for terms less than 30 days using internet sites such as "VRBO" and "HomeAway" and are now being threatened with legal action by the Property Owners Association and, in fact, have been sued by the Duncans in district court. The Homeowners allege that the Property Owners Association and the Duncans have informed them that the subdivision's deed restrictions bar

short-term rentals and have demanded that they stop engaging in any further short-term rental activity. The Homeowners seek a declaration that "the [deed restrictions] do not bar Plaintiffs' leasing according to any duration, limit, minimum or maximum" and claim that they "seek monetary relief of $100,000 or less and non-monetary relief."

The Duncans subsequently filed a plea in abatement, asserting that their previously filed action in district court acquired dominant jurisdiction over the dispute. The Duncans also filed a plea to the jurisdiction, claiming that the amount in controversy exceeds the jurisdictional limit of the court. Without ruling on the plea in abatement, the trial court granted the plea to the jurisdiction, awarded attorney's fees to the Duncans, and dismissed Homeowners' suit. The Homeowners timely appealed to this Court. For the reasons set forth below, we will affirm the county court's judgment of dismissal.

**STANDARD OF REVIEW**

A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction applying a de novo standard. *Miranda*, 133 S.W.3d at 225.

The burden is on the plaintiff to plead or present evidence of facts that affirmatively demonstrate a trial court's jurisdiction. *See Heckman v. Williamson County*, 369 S.W.3d 137, 149-50 (Tex. 2012). Typically, a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings—that is, whether the plaintiff met his initial burden to allege facts

2

that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, the court will look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Miranda*, 133 S.W.3d at 227.

A plea to the jurisdiction can also properly challenge the existence of jurisdictional facts. *Garcia*, 372 S.W.3d at 635. In these cases, the court must consider evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *Blue*, 34 S.W.3d at 555. The manner in which the trial court analyzes the jurisdictional evidence depends on whether the disputed jurisdictional facts do or do not overlap with the merits of the plaintiff's case. *Miranda,* 133 S.W.3d at 227. When the disputed jurisdictional facts do not overlap with the merits of the plaintiff's claims, as is the case here, the trial court must review the evidence and make the necessary factual findings to resolve the jurisdictional issue*. Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015); *University of Tex. v. Poindexter*, 306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.). In the absence of written findings of fact and conclusions of law, it is implied that the trial court made all the findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). The trial court's fact findings, explicit or implicit, may then be challenged on appeal in the same manner as any other factual findings, for legal and factual sufficiency. *Poindexter*, 306 S.W.3d at 806-07; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) (legal-sufficiency standard); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (factual-sufficiency standard).

**ANALYSIS**

Unlike state district courts, county courts at law are courts of "limited jurisdiction." *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 401 (Tex. 2007). Jurisdiction in a county court at law is not presumed, and therefore, "the authority to adjudicate the claims presented must be established at the outset of the case." *Abdullatif v. Erpile*, LLC, 460 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Comal County Court at Law Number One is a statutory county court at law.[1] *See* Tex. Gov't Code §§ 25.0481, .0482. Statutory county courts "ha[ve] jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." *Id.* § 25.0003(a); *see also id.* §§ 26.042 (general civil jurisdiction and juvenile jurisdiction of constitutional county courts), .043 (listing specific types of cases in which constitutional county courts do not have jurisdiction). Relevant to this dispute, the jurisdiction of statutory county courts includes jurisdiction over "civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition." *See id.* § 25.0003(c)(1).

Because declaratory-judgment actions are not generally within the jurisdiction of the Comal County courts at law, a plaintiff seeking declaratory relief in the court must demonstrate that the subject matter of the action falls within the amount-in-controversy limits.

---

[1] The Texas Constitution authorizes the Texas Legislature to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization therefore, and [to] conform the jurisdiction of the district and other inferior courts thereto." *See* Tex. Const. art. V, § 1. Texas courts that are enumerated in the constitution are referred to as "constitutional" county courts, and courts that are established by the legislature are referred to as "legislative" or "statutory" county courts. *Thielemann v. Kethan*, 371 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

*See id.* § 25.0482 (Comal County Court at Law provisions); *but see id.* § 27.034(a), (e) (granting jurisdiction to justice courts "of suits relating to enforcement of a deed restriction of a residential subdivision" "regardless of the amount in controversy"); *Garrett Operators, Inc. v. City of Houston*, 360 S.W.3d 36, 44 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (concluding that county court at law lacked jurisdiction to consider claim for declaratory relief because such actions "are not generally within the jurisdiction of Harris County civil courts at law" and no proof was presented that subject matter of action was within court's jurisdictional limits). In the jurisdictional context, the phrase "amount in controversy" means "the sum of money or *the value of the things sued for.*" *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000) (quoting *Gulf, C. & S.F. Ry. v. Cunnigan*, 67 S.W. 888, 890 (Tex. 1902)). The amount in controversy is generally determined by the allegations in the plaintiff's petition and measured by the amount that the plaintiff seeks to recover. *Blue*, 34 S.W.3d 554. "However, pleadings are not determinative when, as in this case, "the issue in dispute is a license or right rather than damages." *Id.* In such cases, "[t]he subjective value of [the] privilege, if asserted in good faith, establishes jurisdiction if that value meets the requisite amount in controversy." *Tune*, 23 S.W.3d at 361; *see Eris v. Giannakopoulos*, 369 S.W.3d 618, 622 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) ("Generally, when a suit is for an interest in real property, rather than damages, the value of the property at issue determines the amount in controversy.").

In their plea to the jurisdiction, the Duncans challenged the existence of a jurisdictional fact, namely, that the value of the privilege asserted by Homeowners—the right to rent out their real property for terms of less than 30 days—exceeds the jurisdictional limits of the court. *See Miranda,* 133 S.W.3d at 227. By concluding that it lacks jurisdiction over the dispute, the county court implicitly found that the value of this privilege was greater than

5

$200,000. Because this jurisdictional fact does not implicate the merits of the Homeowners' claim for declaratory relief, we will construe appellants' issue on appeal to be that the evidence is legally and factually insufficient to support this finding. *See Vernco Constr., Inc.*, 460 S.W.3d at 149; *Poindexter*, 306 S.W.3d at 806-07.

In support of their plea, the Duncans presented evidence that the gross rental revenues reported by the Homeowners to the Texas Comptroller in 2017 for the calculation of hotel occupancy taxes on all but one of the properties at issue (1105 Marine Court) totaled $144,881.40 and that the gross revenue for the first half of 2018 for these same properties totaled $61,816.63. In addition, the Duncans presented evidence that the average nightly rental rate for 1105 Marine Court was $645 per night, almost twice that of the other properties, and that based on personal observation, 1105 Marine Court was rented most of the time. Finally, the Duncans also pointed out that prior to the hearing on the plea, the parties entered into the following stipulation:

> [W]ithout waiving the position that the fact is not relevant to the determination of the court's subject-matter jurisdiction, the [Homeowners'] combined gross rental income for their Canyon Lake Island properties exceeds $100,000 annually.

The Duncans assert that this evidence is sufficient to show that the Homeowners stand to make hundreds of thousands of dollars from their ability to rent out the properties for short terms and that, consequently, the value of this privilege or right is greater than $200,000.

In response, and now on appeal, the Homeowners do not dispute that the value of the privilege of renting property under short-term rental agreements is related to the amount of money generated from the properties. The Homeowners also do not dispute that their properties, collectively, have in the past generated more than $100,000 in annual revenue. Instead, the

Homeowners assert that this evidence, even if true, fails to establish that the amount in controversy is greater than $200,000. Specifically, the Homeowners argue that when calculating the value of the short-term rental privileges, it was improper for the court to aggregate the gross rental values of all of the leases for all of the properties in a given year and that, in contrast, there is no evidence that *any* individual homeowner, under *any* individual current short-term rental agreement, will make a net of profit of more than $200,000. In addition, and in the alternative, the Homeowners argue that multiplying the aggregate amount of revenue over a period of multiple years, which they presume the trial court did here, is an arbitrary method for determining the value of short-term rental privileges.

We disagree with the Homeowners' assertion that the county court was precluded from aggregating individual short-term rental agreements in determining the amount in controversy. The Homeowners are not seeking a declaration of their rights under any particular rental agreement, but instead seek a declaration of their rights with respect to all short-term rental agreements, now and in the future. In addition, we cannot conclude that the county court was prohibited from considering the value of the Homeowners' claims in the aggregate when determining the amount in controversy. Texas Government Code Section 24.009 states:

> If two or more persons originally and properly join in one suit, the suit for jurisdictional purposes is treated as if one party is suing for the aggregate amount of all their claims added together, excluding interest and costs. This section does not prevent jurisdiction from attaching on any other ground.

Tex. Gov't Code § 24.009; *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 n.4 (Tex. 2000) (noting that section 24.009 "does apply to statutory county courts"). Under the plain language of the statute, the Homeowners' suit exceeds the amount in controversy if the Homeowners' claims, in the aggregate, exceed the $200,000 jurisdictional limit for the county court. *See Watson v.*

7

*City of Southlake*, Nos. 02-18-00143-CV, 02-18-00515-CV, 2019 Tex. App. LEXIS 8481, at *26 (Tex. App.—Fort Worth, Sept. 19, 2019, pet. filed) (concluding that aggregated claims of plaintiffs exceeded amount in controversy for justice court).

Finally, we disagree that the trial court acted unreasonably in considering potential gross revenue from multiple years to determine the value of the short-term rental privileges. We recognize, as the Homeowners suggest, that there may be instances in which the projected gross revenue is too speculative to support a finding as to valuation of a privilege or right. However, we cannot conclude, as a matter of law, that multiple years of projected gross revenue is too speculative in this case, where evidence was presented demonstrating that the properties were on track to generate at least as much rental revenue in the coming year as they had in the previous year (more than $100,000 annually) and where no evidence was presented to the contrary.

Based on the record before us, we conclude that the evidence is legally and factually sufficient to support the trial court's implied finding that the value of the privilege that is the subject of the Homeowners' claim for declaratory relief is greater than $200,000. Consequently, the county court did not err in concluding that the amount in controversy exceeds its jurisdictional maximum and, consequently, in granting the Duncans' plea to the jurisdiction. *See* Tex. Gov't Code § 25.0003(c).

## CONCLUSION

Having overruled the Homeowners' sole appellate issue, we affirm the trial court's judgment dismissing the cause for lack of jurisdiction.

8

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly
  Dissenting Opinion by Justice Goodwin

Affirmed

Filed:   December 20, 2019