# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00555-CV

**Houston Todd Musick and The Musick Law Firm, PLLC, Appellants**

**v.**

**Marco Zamora and Sirlene Castro Zamora, Appellees**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-005050, THE HONORABLE J. ANDREW HATHCOCK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Houston Todd Musick and The Musick Law Firm, PLLC (collectively, "Musick") challenge the trial court's orders granting appellee Marco Zamora's motion to sever Musick's claims for attorneys' fees from the Zamoras' underlying divorce case and granting Marco's motion to enter the Zamoras' agreed final divorce decree.[1]  Because we conclude that the trial court did not abuse its discretion by severing Musick's claims after Musick intervened in the divorce suit and that it properly entered the agreed final divorce decree, we affirm.

---

[1] We will refer to the appellees by their first names for clarity because they share the same last name.  In addition, we will refer to the collective "Musick" as a singular entity.

## BACKGROUND

Appellees Marco and Sirlene were originally divorced based on a default judgment that Marco obtained on January 3, 2019. Sirlene then retained Musick to represent her in the divorce proceedings. After the trial court granted a motion for new trial, a second final decree of divorce was signed on February 11, 2021. Marco, who had been represented by counsel during the proceedings related to the second decree, filed a pro se motion for new trial and obtained new counsel. Both Sirlene and Musick agree that their attorney–client relationship became unsupportable in March 2021 and that Sirlene hired new counsel to represent her in the ongoing divorce proceedings. On April 15, 2021, the trial court signed an agreed order granting the motion for new trial, which stipulated that the parties agreed that the divorce should be granted according to the terms of their attached mediated settlement agreement (MSA). The MSA provided that "[e]ach party shall pay his or her own attorneys' fees."

On April 26, 2021, Musick filed a petition in intervention, alleging an interest in the lawsuit based on Sirlene's nonpayment of attorneys' fees owed to Musick. On July 27, 2021, Marco filed a motion to sever and a motion to enter the agreed final decree of divorce. Each motion contained a notice of hearing stating that it was set for hearing on August 25, 2021. Musick subsequently filed an application for temporary injunction and set it for hearing on August 25, 2021.

At the August 25, 2021 hearing, attorneys for all parties appeared, and the trial court considered both motions and the application for temporary injunction. At the end of the hearing, the trial court took the motions and the application for temporary injunction under

advisement.[2]  Later that day, the trial court signed orders granting the motion to sever and denying the application for temporary injunction.  It also signed the divorce decree.

Musick filed a motion for reconsideration, asking the trial court to reconsider its order on Marco's motion to sever and its entry of the final decree of divorce.  The trial court conducted a hearing on the motion for reconsideration at which all parties appeared through counsel.  After hearing argument from all parties, the trial court orally denied the motion for reconsideration and subsequently issued findings of fact and conclusions of law.  This appeal followed.

## ANALYSIS

Musick contends that the trial court erred by (1) severing Musick's claims against Sirlene and (2) entering final judgment "without the participation of a proper party and without compliance with the local rules."

**Was severance proper?**

In its first issue, Musick argues that because no party challenged Musick's intervention into the case, it was error for the trial court to sever Musick's claims, relying heavily on the Texas Supreme Court's decision in *In re Union Carbide Corp.*, 273 S.W.3d 152 (Tex. 2008) (per curiam) (orig. proceeding).  In essence, Musick claims that Marco improperly challenged its intervention by a motion to sever instead of a motion to strike, asserting that severance under Texas Rule of Civil Procedure 41 is not a permissible way to remove claims or

---

[2] In its brief, Musick states that it does not seek review of the trial court's decision to deny its application for temporary injunction.

3

parties from an existing suit when those parties intervene in the suit under Texas Rule of Civil Procedure 60. We disagree.

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Rule 41 "grants the trial court broad discretion in the matter of severance and consolidation of causes." *Guaranty Fed. Savs. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990). We will not reverse a trial court's order severing a claim unless the trial court abused its discretion. *Id.*

In *Guaranty Federal*, the Texas Supreme Court established that "a claim is properly severable" if the following criteria are satisfied: "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Id.* "The controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Id.* Musick does not contend that the trial court's severance of its attorneys' fees claim is improper because the severance failed to satisfy the *Guaranty Federal* criteria.

Instead, Musick contends that because Rule 60 allows any party to intervene by filing a pleading, "subject to being stricken out by the court for sufficient cause on the motion of any party," Tex. R. Civ. P. 60, the trial court was precluded from severing its attorneys' fees claim from the underlying lawsuit. Musick is correct that "[t]he rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *In re Union Carbide Corp.*, 273 S.W.3d at 154. And "[a]n intervenor is not required to secure the court's permission to intervene; the party who opposed the intervention has the burden to challenge it by a motion to strike." *Guaranty Fed.*, 793 S.W.2d at 657. However, we disagree that because no

4

party filed a motion to strike Musick's intervention, the trial court was precluded from severing Musick's claim for attorneys' fees owed by Sirlene from the divorce suit.

A motion to strike is the proper method for challenging whether an intervenor may properly be made a party to the suit, but that is a different question from whether an intervenor-plaintiff's claim may be severed. *Cf. Abdullatif v. Erpile, LLC*, 460 S.W.3d 685, 694 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In *Abdullatif*, our sister court considered whether the trial court lacked subject-matter jurisdiction over an intervenor's claims and over some of the defendant's counterclaims against an intervenor. *Id.* at 688. The intervenor argued that the defendant did not file a motion to strike the intervenor's petition in intervention. *Id.* at 694. The court concluded:

> The question before us is not whether Choudhri's petition in intervention should have been stricken, but whether the trial court had subject-matter jurisdiction to address Choudhri's claims. Stated differently, we are not asked to decide whether Choudhri properly made himself a party to this lawsuit, but whether, having become a party, Choudhri asserted claims within the trial court's subject-matter jurisdiction. These are distinct questions.

*Id.*

Similarly here, no one challenged whether Musick could properly be made a party to the suit. Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *In re Union Carbide Corp.*, 273 S.W.3d at 154 (citing *Guaranty Fed.*, 793 S.W.2d at 657). "[T]he 'justiciable interest' requirement is of paramount importance: it defines the category of non-parties who may, without consultation with or permission from the original parties or the court, interject their interests into a pending suit to which the intervenors have not been invited." *Id.* at 155. To establish a justiciable interest, the intervenor must show

5

that its interest is "such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought" in the original suit. *Id.* (quoting *King v. Olds*, 12 S.W. 65, 65 (Tex. 1888)). "In other words, a party may intervene if the intervenor could have 'brought the [pending] action, or any part thereof, in his own name.'" *Id.* (quoting *Guaranty Fed.*, 793 S.W.2d at 657).

We disagree with Musick's reading of *In re Union Carbide* as determining that "a motion to strike is the only available option to challenge a properly filed intervention." In that case, the trial court had a motion to strike pending before it, but instead of ruling on that motion after hearing it, the trial court severed the intervenor parties' claims into a new suit that then remained pending in the same court. *Id.* at 154. The Texas Supreme Court concluded that "the trial court abused its discretion by failing to rule on Union Carbide's motion to strike before considering whether to sever the intervention" and that the trial court only had discretion to grant the motion to strike because the intervenors failed to demonstrate a justiciable interest. *Id.* at 154-55. Because the intervenors in *In re Union Carbide* wanted to be allowed to pursue their claims, even if they had to do so in a separate suit, they asserted that because their intervention petition also met the standard for permissive joinder in Rule 40, the trial court could properly sever their claims under Rule 41. *Id.* at 155. When addressing this argument, the court noted that there are different rules authorizing and permitting permissive joinder of parties and intervention, "and the rules provide processes for addressing the different situations." *Id.* at 156. The court concluded, "Because interventions by uninvited participants have potential for disrupting pending suits, trial courts should rule on motions to strike interventions *before*

6

*considering other matters such as severance.*"[3]  *Id.* (emphasis added).  In other words, it expressly did not prohibit trial courts from considering the severance of an intervenor's claims.

Here, no one challenges whether Musick's intervention was proper or asserts that it was not a proper party to the case.  Instead, the Zamoras assert on appeal, as they did in the trial court, that the trial court has discretion to sever an intervenor's claims as long as the severance satisfies the requirements set forth in *Guaranty Federal*.  We agree.  To hold otherwise would unduly constrain the trial court's discretion if it could never find that any claim brought by an intervenor could be subject to severance or a separate trial.  The plain language of Rule 41 provides, without reference to any other rules, that "*[a]ny claim* against a party may be severed and proceeded with separately."  (Emphasis added.)  The Texas Supreme Court's holding in *In re Union Carbide* does not counsel otherwise—it contemplates only that a trial court should consider a pending motion to strike an intervention, if one is filed, before considering whether any claims should be severed from the suit.  *See In re Union Carbide*, 273 S.W.3d at 156.  In other words, a trial court must first consider whether an intervenor is properly a party to a suit if its intervention has been challenged before considering how to dispose of its claims.

---

[3]  The court also explained that although some appellate courts had described a trial court's options for exercising its discretion over a petition for intervention as "proceed[ing] to trial of the intervention claim; . . . sever[ing] the intervention; . . . order[ing] a separate trial; [or] . . . strik[ing] the intervention for good cause," "Rule 60 does not provide for such options as equal alternatives"—instead, it provides only that an intervention may be subject to a motion to strike. *In re Union Carbide Corp.*, 273 S.W.3d 152, 156 (Tex. 2008) (orig. proceeding) (quoting *Boswell, O' Toole, Davis & Pickering v. Stewart,* 531 S.W.2d 380, 382 (Tex. App.—Houston [14th Dist.] 1975, no writ)).

Musick does not contend that the severance fails to satisfy the *Guaranty Federal* requirements. Under the circumstances present in this case, we hold that the trial court did not abuse its discretion by severing Musick's claims. We overrule Musick's first issue.

**Did Musick receive due process?**

Musick asserts in its second issue that the trial court erred by entering the Zamoras' agreed final decree of divorce without allowing it to participate in the hearing on the motion to enter, which it contends was conducted without adherence to the Local Rules of the Travis County District Courts, in violation of its due-process rights. Musick argues that it was entitled to present argument at the hearing on the entry of the Zamoras' MSA because a trial court may modify the terms of an MSA on final hearing "so long as those modifications do not add terms, significantly alter the original terms, or undermine the parties' intent." *Wallace v. McFarlane*, No. 01-10-00368-CV, 2013 WL 4507843, at *8 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.). Musick contends that its claims were consistent with the terms of the MSA and proposed decree, but both the MSA and the final decree merely provided that each party would be responsible for its own attorneys' fees. The Zamoras did not purport in the MSA to fully and finally resolve the amount of fees each of them owed to their respective attorneys. On this record, we hold that the trial court did not abuse its discretion by entering a judgment founded on the MSA and conforming that judgment to the Zamoras' agreed terms. *See, e.g., Keim v. Anderson*, 943 S.W.2d 938, 946 (Tex. App.—El Paso 1997, no pet.) (finding reversible error when trial court added provision requiring husband to pay $3,500 of wife's attorneys' fees); *In the Matter of the Marriage of Ames*, 860 S.W.2d 590, 592-93 (Tex. App.—

8

Amarillo 1993, no writ) (holding trial court erred by adding terms that "differed significantly from the settlement agreement").

We also conclude that there is no merit to Musick's complaint that the trial court's entry of the divorce decree violated its due-process rights because Marco had not properly set or announced the motion to enter the divorce decree. Marco disputes that he did not comply with the Travis County Local Rules, asserting that he set the motion at the same time that he set his motion to sever. While the facts surrounding the setting and announcement of the motion are in dispute, it is undisputed that all parties appeared at the hearing on August 25, 2021, when the motion to enter was argued and heard. Furthermore, our review of the record reflects the trial court did not prevent Musick from making any arguments related to the motion to enter. But even assuming that the motion had not been set in compliance with the local rules or the trial court had precluded Musick from making any arguments related to the motion, the trial court conducted a hearing on Musick's motion for reconsideration at which all parties appeared. We hold that the subsequent hearing was sufficient to cure any deprivation of due process that might have occurred. *See, e.g.*, *Mosley v. Texas Health & Hum. Servs. Comm'n*, 593 S.W.3d 250, 268 (Tex. 2019) (stating that "the remedy for a denial of due process is due process" (quoting *University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995))). We overrule Musick's second issue.

**CONCLUSION**

Having overruled both of Musick's issues, we affirm the trial court's order severing Musick's claims against Sirlene and its entry of the final divorce decree.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: April 27, 2023